IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, *a corporation*, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-CV-0320-MJR |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, *a corporation*, and GATEWAY EASTERN RAILWAY COMPANY, *a corporation*, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I.   Introduction and Procedural Posture

On April 26, 2007, Plaintiff Union Pacific Railroad Company ("UP") filed this action (Doc. 2) alleging that Defendants Kansas City Southern Railway Company ("KCSR") and Gateway Eastern Railway Company ("GWER") breached a 1993 Settlement Agreement by refusing to permit UP to use approximately two miles of railroad trackage between points known as Q Tower and Willows Tower in East Saint Louis, Illinois. UP's complaint sought damages incurred from the alleged breach, a declaratory judgment determining that the 1993 Agreement is binding and remains in effect, and a permanent injunction prohibiting KCSR and GWER from further preventing UP's use of the trackage.

On September 9, 2008, this Court denied UP's Motion for Summary Judgment on the issue of liability (Doc. 53). ***Union Pac. R.R. v. Kan. City S. Ry. Co.*, No. 07-CV-0320-MJR, 2008 WL 4190255 (S.D. Ill. Sept. 9, 2008) (memorandum and order).** The Court found that ambiguity in the language of Paragraph 7 of the December 20, 1993 agreement between Plaintiff

and Defendants—the contract provision on which this case turns—created a genuine issue of material fact regarding the meaning of that paragraph and prevented granting UP's motion. *Id.* at *6.

In that same September 9, 2008 Order, the Court granted the Motion for Summary Judgment on Damages (Doc. 82) filed by KCSR and GWER. The Court found the following:

> [E]ven if this Court assumes *arguendo* that the 1993 Agreement does include a grant of trackage rights at Paragraph 7, that agreement cannot be put into effect (and Union Pacific cannot legally use the trackage) until the STB grants the exemption [allowed under 49 C.F.R. § 1180.2(d)] or otherwise authorizes the transaction.

*Id.* at *8.

On September 15, 16, and 17, 2008, this matter proceeded to trial by the Court to resolve the proper interpretation of Paragraph 7 of the December 20, 1993 agreement (the "1993 Agreement") and to determine whether Plaintiff was entitled to a declaratory judgment (Count II) or to injunctive relief (Count III) based upon an alleged right to access the railroad trackage at issue.

The Court entered detailed Findings of Fact and Conclusions of Law denying plaintiff's requested relief, *Union Pac. R.R. v. Kan. City S. Ry. Co.*, **No. 07-CV-00320-MJR, 2009 WL 2489279 (S.D. Ill. Aug. 12, 2009)**, which prompted the following that are the subject of this order and memorandum:

1. Doc.135: Defendants' Bill of Costs in the amount of $16,095.50, entered 8/26/2009.

2. Doc.137: Plaintiff's Motion to Amend and Make Additional Findings of Fact and Conclusions of Law and to Amend the Judgment Pursuant to Rule 52 and/or for a New Trial to Alter/Amend Judgment, and to Enter Judgment in its Favor Pursuant to Rule 59, entered 8/27/2009.

3. Doc.139: Plaintiff's Objections to Defendants' Bill of Costs and Plaintiff's Motion to Deny Defendants' Bill of Costs Pursuant to FRCP 54, 28 USC § 1920 and Local Rule 54.2, entered 9/1/2009.

For the reasons below, plaintiff's motions under Rules 52 and 59 are **DENIED**;

plaintiff's objections to defendants' Bill of Costs are **OVERRULED;** and defendants' Bill of Costs is **GRANTED.**

## II.    Plaintiff's Motion Under Rule 59

Federal Rule of Civil Procedure 59(e), which permits the filing of motions to alter or amend judgment "no later than 10 days after the entry of the judgment," governs plaintiff's motion.[1] A district court may alter or amend a judgment under Rule 59(e) only "when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, **433 F.3d 542, 546 (7th Cir. 2006);** *accord Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985) Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").** Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law; (2) new evidence not available at the time of the original ruling; (3) a clear legal error; and (4) the prevention of manifest injustice. *See* **Steven Baicker–McKee, William M. Janssen & John B. Corr,** *Federal Civil Rules Handbook 2009***, at 1149–50 (2008);** *see also Publishers Res.*, **762 F.2d at 561.**

Although Rule 59 relief is appropriate if the movant "presents newly discovered evidence that was not available at the time of trial or . . . points to evidence in the record that clearly establishes a manifest error of law or fact," such relief is not properly awarded based on arguments or theories that could have been proffered before the district court rendered judgment. *County of McHenry v. Ins. Co. of the W.*, **438 F.3d 813, 819 (7th Cir. 2006) (citing** *LB Credit Corp. v. Resolution Trust Corp.***, 49 F.3d 1263 (7th Cir. 1995)).**

The Seventh Circuit has emphasized that Rule 59(e) may not be used to re-litigate

---

[1] "A motion to alter or amend a judgment is deemed filed under Rule 59(e) of the civil rules, which tolls the time for filing an appeal from the judgment, if the motion is filed within 10 days after entry of the judgment, which means after the Rule 58 judgment order has been docketed." *Borrero v. City of Chi.*, **456 F.3d 698, 699 (7th Cir. 2006).** The ten days are computed in accord with Rule 6(e), to exclude weekends and legal holidays. Plaintiff's's motion to alter/amend judgment was filed on the tenth day following entry of judgment, so it was timely filed under Rule 59(e).

issues already argued or to present new arguments that *could have been presented* before judgment was entered. ***See, e.g., Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); *Publishers,* 762 F.2d at 561.** The Court of Appeals has firmly reiterated this point:

> Motions to alter or amend judgments are no place to start giving evidence that could have been presented earlier. []"Unlike the Emperor Nero, litigants cannot fiddle as Rome burns."[] Litigation must sometime come to an end, and the limit on Rule 59 motions advances that goal.

***Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 615 (7th Cir. 2006) (citations omitted) (quoting *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994)).** Nor can a party use Rule 59(e) "to undo its own procedural failures." ***Harrington*, 433 F.3d at 546 (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).**

   Plaintiff takes issue with many of the Court's findings of fact and legal conclusions but of the four grounds warranting Rule 59 relief, plaintiff only argues the Court committed clear legal error, although it does not use that term of art. In support of its motion to alter or amend judgment here, plaintiff's either rehashes arguments already presented to and rejected by this Court or complains about the Court's interpretation rather than accepting its spin on the evidence.

   The Court declines the invitation to make additional findings of fact and conclusions of law. In its order, the Court supplies sufficient findings of fact, in which it has a high level of confidence and which support sufficiently its ultimate conclusion. Merely because the Court did not include facts plaintiff thought important, does not give rise to Rule 59 relief. Stated simply, the plaintiff did not meet its burden of proving its interpretation of paragraph number 7. Its disagreement with the Court's interpretation of paragraph 7 is not a basis for relief under rules 52 and 59.

   One point in plaintiff's motion does bear addressing since it takes great umbrage

with the terminology used by the Court to describe its lack of use of the subject track from 1998 to 2004. The Court used various terms, including "ceased" (FOF par. 30); "voluntarily suspended" (FOF par. 75, 76); "abandoned" (COL par. 31); "voluntarily stopped" (COL par. 31); "discontinued" (COL par. 36). Plaintiff argues this point under the heading "PLAINTIFF DID NOT STOP ITS USE OF THE SUBJECT TRACK." (Doc. 142, Pl.'s Reply Br. 4.) Plaintiff prefers the term "voluntarily suspended"; however, this assertion is contrary to the credible evidence that the Court heard at trial. Regardless of whether one uses the term ceased, abandoned, suspended, discontinued, voluntarily suspended, voluntarily stopped or quit, the fact remains that from 1998 to 2004 Southern Pacific did not use or request to use the subject track at all, nor did the Union Pacific ever seek regulatory approval of the right it claimed to acquire in 1993. And since in early 1997 the Union Pacific and Southern Pacific started consolidating operations in the intermodal trains running on trackage incorporated into Union Pacific's own intermodal operations, one could easily conclude in light of all the above that whatever rights existed were abandoned as that term is used in a legal sense. Union Pacific's claim flunks the "Duck Test" enunciated earlier this month by Judge Evans in *Lake v. Neal*, **No. 08-3765, 2009 WL 3673086, at \*1 (7th Cir. Nov. 6, 2009) ("The *Duck Test* holds that if it walks like a duck, swims like a duck, and quacks like a duck, it's a duck. Joseph Lake, the plaintiff in this suit, flunks the *Duck Test*. He says that, in effect, that if it walks like a duck, swims like a duck, and quacks like a duck, it sure as heck isn't a duck.")**.

When distilled, plaintiff's motion is nothing more than an attempt to rehash old arguments, retry its case post-trial and employ a different spin on the facts of the case in its favor. None of this maneuvering warrants Rule 59 treatment.

Since plaintiff has not presented newly discovered evidence nor demonstrated a manifest error of law or fact, the Court **DENIES** his Rule 59(e) and Rule 52 motion to alter or amend judgment herein (Doc. 136).

5

### III.   Defendants' Bill of Costs and Plaintiff's Objections

Federal Rule of Civil Procedure 54(d) authorizes federal district courts to award costs (as well as attorneys' fees) to prevailing parties in lawsuits. In fact, the Seventh Circuit has noted that Rule 54 gives prevailing parties a "strong presumptive entitlement to recover costs" other than attorneys' fees. *See, e.g., Perlman v. Zell*, **185 F.3d 850, 858 (7th Cir. 1999);** *Luckey v. Baxter Healthcare Corp.*, **183 F.3d 730 (7th Cir. 1999).** A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." *Slane v. Mariah Boats, Inc.*, **164 F.3d 1065, 1068 (7th Cir. 1999);** *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, **766 F.2d 1007, 1015 (7th Cir. 1985).** Defendants prevail by defeating a claim against them. *See Perlman*, **185 F.3d at 858-59.**

In relevant part, Rule 54(d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Local Rule 54.2(b)(3) provides that the party against whom costs are claimed may file specific objections to the bill of costs, "with a statement of reasons for the objections," within ten days of the date the bill of costs was served upon them. If no objections are timely filed, the Clerk of Court may tax and enter costs. If objections are filed the Clerk of Court does *not* tax the costs but instead submits the bill of costs and objections to the Court for review. In the instant case, defendant filed its bill of costs on August 26, 2009 and plaintiffs objected in a timely manner.

Costs do not include *all* litigation expenses. Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, **482 U.S. 437, 445 (1987);** *Hairline Creations, Inc. v. Kefalas*, **664 F.2d 652, 655**

**(7th Cir. 1981).** Congress specified the categories of expenses which properly may be taxed, which are:

> **(1)** Fees of the Clerk and Marshal;
>
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> **(5)** Docket fees under Section 1923 of this Title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

**28 U.S.C. § 1920 (2006).** The precise amount recoverable for witness expenses is $40 per day for each day's attendance fees plus certain travel expenses. **28 U.S.C. § 1821.** Expenses not on the statutory list must be borne by the party incurring them. *Collins v. Gorman*, **96 F.3d 1057, 1058 (7th Cir. 1998).**[2]

As to deposition fees, the proper inquiry is "whether the deposition was 'reasonably necessary' at the time it was taken, not whether it was used in a motion or in court." *Cengr*, **135 F.3d at 454.** Similarly, as to witness fees, actual testimony at trial is not necessary for fees to be recovered. Witness fees compensate witnesses for their *availability* to testify, not their physical presence or actual testimony at trial. *See Spanish Action Comm. of Chi. v. City of Chi.*, **811 F.2d 1129, 1138 (7th Cir. 1987)(finding that trial court erred in concluding that physical presence in the courtroom was needed to award witness fees as costs);** *see also Hurtado v. United States*, **410 U.S. 578, 584–85 (1973) (noting that 28 U.S.C. § 1821 allows recovery of fees for witnesses who were summoned and ready to testify, but whose physical presence was not**

---

[2] Another statute, **28 U.S.C. § 1924**, requires that the party filing a bill of costs verify the claimed items by attaching an affidavit attesting that each such item is correct and has been necessarily incurred in the case.

7

**needed);** *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.***, 38 F.3d 1429, 1442 (7th Cir. 1994) (holding that costs may be awarded for fees paid to witnesses who were subpoenaed for deposition but not actually deposed).**

Rule 54(d) provides, in relevant part, that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Weeks v. Samsung Heavy Indus. Co.*, **126 F.3d 926, 944 (7th Cir. 1997) (quoting Fed. R. Civ. P. 54(d)).** This rule has been interpreted to create a strong presumption that a prevailing party shall recover costs, with broad discretion given to district courts in deciding the extent of such costs. *Weeks*, **126 F.3d at 945.** "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined–the court must award costs unless it states good reasons for denying them." *Weeks*, **126 F.3d at 945 (citing** *Congregation of the Passion, Holly Cross Province v. Touche, Ross & Co.***, 854 F.2d 219, 222 (7th Cir. 1988)).** "Generally, only misconduct by the prevailing party worthy of penalty or the losing party's inability to pay will suffice to justify denying costs. *Id.* **at 945 (citing** *Congregation of the Passion***, 854 F.2d at 222).**

The district court may exercise its discretion to deny costs, although it should state its reason for such disallowance. *Cengr v. Fusibond Piping Sys., Inc.*, **135 F.3d 445, 453 (7th Cir. 1998);** *Gardner v. S. Ry. Sys.***, 675 F.2d 949, 954 (7th Cir. 1982).**

Pursuant to the forgoing principals, the Court now turns to the specific objections to the Bill of costs herein.

### A. Charges for Computerized Legal Research

Plaintiff's admit costs for computerized electronic research are permissible in the discretion of the court, citing a district court case from the Northern District of Illinois in 2003 but urges the Court to deny them here. There is, however, persuasive authority from this Circuit in *Little*

*v. Mitsubishi Motors North America, Inc.*, where the court specifically stated that computerized electronic legal research is an appropriate taxable cost. **514 F.3d 699, 701 (7th Cir. 2008) ("Mr. Little contends that the award of costs for copies, computerized research, summonses, subpoenas, delivery services and a video-recorded deposition are not authorized by 28 U.S.C. § 1920. We disagree. All of the above costs are authorized by § 1920.").** Additionally, this Court has previously awarded, as a taxable cost, computer-assisted legal research charges. *See Jackson v. United Parcel Serv. Inc.*, **No. 07-CV-0450, 2008 WL 5244846, at \*1 (S.D. Ill. Dec. 16, 2008) (citing** *Little***, 514 F.3d at 701).**

In objecting, plaintiffs say the record "fails to indicate any determinable and case specific purpose for the computer-assisted research." This ignores, however, two averments by defense counsel, who makes representation as an officer of the court. The first is found on the face of the Bill of Costs itself, which is on form authorized and approved by the Administrative Office of the United States Courts—AO 133 (Doc 135). The first page of the document itemizes costs, according to certain categories. Relevant here is a section titled "Other costs (please itemize): Electronic Legal Research" to which counsel for defendants added "(Exhibit D)." Exhibit D is an itemization of the electronic legal research conducted in this case from June 30, 2007 to January 12, 2009 totaling $10,043.95. As is required by the form, counsel for defendants declares under penalty of perjury. "that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessary performed." Moreover, counsel for defendants included a separate affidavit indicating the costs for electronic legal research "are true and correct and were necessarily incurred in this action." (Doc. 135 Ex. D.)

The legal issues in this case were both novel and complex and significant legal briefing was undertaken. Since the charges for electronic legal research are bona fide recoverable costs and were documented and supported by multiple affidavits or declarations of defense counsel,

9

which represented the charges were necessary, the court overrules plaintiffs objection and permits those charges in the sum of $10,043.95.

## *B. Charges for Photocopies and Telecopier Services*

Plaintiff next takes issue with charges in the amount of $938.37 for photocopies, contending "none of these claimed costs are identified in such a manner which would permit this Court to identify the subject of or the reason for the services rendered." Secondly, it complains "additionally, only three of the purported services are supported by invoices."

The relevant category on the face of an AO Form 133 is entitled "Fees for exemplification and copies of papers necessarily obtained for use in the case." Immediately after this sentence, counsel for the defendants added "(Exhibit C)." Exhibit C is an itemization for photocopy services from July 11, 2007 to September 14, 2008. Each line item indicates the total number pages, all of which which were billed at 15 cents per page. There are 3 line items from outside copy services which are supported by separate invoices. As with the computerized legal research charges, a separate affidavit supports these charges as "true and correct and... necessarily incurred in this action."

The copying charges are bona fide recoverable costs and were documented and supported by multiple affidavits or declarations of defense counsel, which represented the charges were necessary, the court overrules plaintiffs objection and permits those charges in the sum of $938.37.

## *C. Defendants Are Prevailing Parties*

To recover costs under Rule 54, a party must "prevail." Plaintiff claims defendants have not prevailed since post-trial motions remain pending and it may appeal. But defendants have prevailed at this point in the litigation making their costs claim ripe. For the Court to hold in abeyance a decision on costs pending a ruling on the appeal of the merits of the case only invites a

subsequent appeal if they later do not agree with the Courts ruling on costs. Predicting the attitude of the Court of Appeals is risky—but it tends not to like piecemeal appeals.

### *D. The Catchall Objection to the Costs in General*

Lastly, plaintiff throws a "Hail Mary" pass—a/k/a the shotgun approach a/k/a everything including the kitchen sink approach—claiming the costs were not "trial costs," were "excessive," were not "properly documented" and were not "taxable costs." The Court will spend as much time ruling as plaintiff spent making these bald, over-broad assertions by summarily denying them. This Court "need not try to fish a gold coin from a bucket of mud," *United States ex rel. Garst v. Lockheed–Martin Corp.*, **328 F.3d 374, 378 (7th Cir.2003)**, in determining which specific costs plaintiff intends to challenge.

Defendants' Bill of Costs (Doc. 135) is allowed in its entirety and Plaintiff's objections at Doc. 139 are **OVERRULED**.

### IV.    Conclusion

Plaintiff's Motion to Amend and Make Additional Findings of Fact and Conclusions of Law and to Amend the Judgment Pursuant to Rule 52 and/or for a New Trial to Alter/Amend Judgment, and to Enter Judgment in its Favor Pursuant to Rule 59 (Doc. 137) is **DENIED**. Defendants' Bill of Costs (Doc. 135) is **ALLOWED** in its entirety and Plaintiff's objections (Doc. 139) are **OVERRULED**. The Clerk of Court is **DIRECTED** to tax costs to Defendants in the amount of $16,095.50.

**IT IS SO ORDERED**

**DATED December 1, 2009.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**